UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKHAIL NAZARENKO,

Plaintiff,

v.

SHOPIFY (USA), INC.,

Defendant.

No. 2:26-cv-03534-DC-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On October 19, 2026, the Court granted Plaintiff permission to participate in e-filing. In the following three days, Plaintiff filed four motions. For the reasons explained below, Plaintiff's motion to stay (ECF No. 15), motion for change of venue (ECF No. 14), and motion to strike (ECF No. 10) are DENIED. The motion to remand (ECF No. 13) is pending completion of briefing. Plaintiff also filed a First Amended Complaint (ECF No. 11), which renders moot Defendant's motion to dismiss (ECF No. 6).

**I. Procedural History and Background**

Defendant initiated the action in this court by filing a notice of removal ("Notice") on October 9, 2026. ECF No. 1. The Notice states Plaintiff filed this action in the Sacramento County Superior Court on June 8, 2026. *Id.* at ¶ 1. Plaintiff made an amendment to the state court complaint on September 3, 2026, to correct the name of Defendant from Shopify Commerce

USA Inc. to Shopify (USA) Inc. ECF No. 1-5. Defendant was then served on September 11, 2026. ECF No. 1 at ¶ 4.

Plaintiff's complaint concerns the alleged on-line purchase of "two folding memory foam sofa beds" with an approximate value of $90. ECF No. 1-4 at 5. Plaintiff alleges five causes of action and seeks compensatory, statutory, and punitive damages in the total amount of $500,000. *Id.* at 7.

On October 16, 2026, Defendant filed a motion to dismiss. ECF No. 6. Plaintiff requested access to e-filing, which was granted on October 19, 2026. On October 21, 2026, Plaintiff made several filings, including a First Amended Complaint ("FAC") (ECF No. 11), opposition to the motion to dismiss (ECF No. 12), motion to remand (ECF No. 13), motion for change of venue (ECF No. 14), and motion to stay (ECF No. 15). Plaintiff also moved to strike an exhibit to the notice of removal. ECF No. 10.

## II. Discussion

The Court will now address some of Plaintiff's pending motions and the filing of the amended complaint.

### A. First Amended Complaint and Pending Motion to Dismiss

Under Federal Rule of Civil Procedure 15(a), a "party may amend its pleading once as a matter of course" within certain time parameters. Plaintiff has filed his FAC within 21 days of Defendant's Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Plaintiff is allowed to amend once without leave of court.[1]

An amended complaint supersedes the original complaint, thereby becoming the operative pleading. *CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021). "When Plaintiff files an amended complaint as of right ... the amended complaint becomes the operative pleading ... any pending motion to dismiss becomes moot." *Morgan v. LexisNexis Risk Solutions, Inc.*, 2025 WL 2986630 at *1 (E.D. Cal. Oct. 23, 2025). Thus, Defendant's motion to dismiss (ECF

[1] The Court acknowledges that Plaintiff filed an amendment form in state court, but this form made a one word change to correct a misnomer in Defendant's corporate name. Even if this were not Plaintiff's first amendment, under Rule 15 leave to amend should be freely given when justice requires, and the Court would allow this timely request.

No. 6) is moot. Defendant shall file a response to the FAC within 14 days as provided by Rule 15(a)(3).

**B. Motion to Remand**

The motion to remand shall be briefed in accordance with Local Rule 230. The Court will take that motion under submission without a hearing, absent a future order setting a hearing, and Findings and Recommendations will issue in due course.

**C. Motion to Strike (ECF No. 10)**

Plaintiff moves to strike Exhibit D to the Notice. ECF No. 1-7). This exhibit is 157 pages. Plaintiff contends there is an error on page 3 of the exhibit that does not reflect he requested entry of default in state court. ECF No. 10 at 2. Plaintiff acknowledges the actual request for entry of default is at pages 154-56 of the exhibit. *Id*.

This is an improper use of a motion to strike. Rule 12(f) allows the Court to strike "from a pleading" a "redundant, immaterial, impertinent, or scandalous matter," or an insufficient defense. Plaintiff does not seek to strike anything from a pleading. Instead he appears to want something added to one page of an exhibit, but instead seeks to strike the entire 157-page exhibit. "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010); *see also Bakersfield Pipe & Supply v. Cornerstone Valve, LLC*, 2015 WL 4496349, *2 (E.D. Cal. July 23, 2015) (noting that, generally, motions to strike are "disfavored and infrequently granted").

The motion to strike is DENIED.

**D. Motion for Change of Venue (ECF No. 14)**

Plaintiff has filed a motion for change of venue pursuant to 28 U.S.C. § 1404(a). Section 1404(a) allows for a transfer of venue based on "the convenience of the parties and witnesses, in the interest of justice." The Court has "broad discretion" in deciding a motion to transfer venue under § 1404(a). *See Commodity Future Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Plaintiff's motion does not explain how the convenience of the parties

or witnesses is better served by transferring this action, other than to argue that the Northern District allows him e-filing and he has been "blocked here." ECF No. 14 at 2. That is a faulty premise. Plaintiff has been allowed to participate in e-filing here, and in fact electronically filed this motion. In any event, even if one court allowed e-filing and the other did not, that would not be a sound basis to transfer a case. Additionally, Plaintiff originally chose to file this action in Sacramento County, and Plaintiff states that he conferred with counsel for Defendant who does not consent to the transfer.

The motion for change of venue is DENIED.

**E. Motion to Stay (ECF No. 15)**

Plaintiff's motion to stay seeks a "total stay of substantive proceedings" and appears to seek a 91-day extension for all "Opposition Briefs, supporting instruments, and structural records." ECF No. 15-1 at 2. Plaintiff's motion sets forth no valid basis for a stay. The motion appears to be based on Plaintiff not having access to e-filing for several days and having to send international mail. ECF No. 15 at 2. Plaintiff has now been granted access to e-filing. Plaintiff complains the Court took nine days to grant him access to e-filing. This is a frivolous complaint. Plaintiff is directed to this Court's website where he can review the declaration this District is in a judicial emergency and has experienced an immense increase in its caseload over the last year. As stated on the website: "The impact of the unprecedented volume of new immigration cases on our district, which was already under a longstanding judicial crisis, is far-reaching and includes significant delays in the resolution of other federal cases filed in this district."[2] Motions seeking relief from the Court may sometimes takes weeks, or several months, to be decided.

Plaintiff has access to e-filing, and articulates no convincing reason for a stay. The Court will not grant a blanket extension of time on all deadlines. Plaintiff may seek relief from specific deadlines in the future should the need arise, and upon a showing of good cause.

The motion to stay is DENIED.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss (ECF No. 6) is DENIED AS MOOT due to the filing of

[2] Available at: www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/

the FAC. Defendant shall file a response to the FAC by November 4, 2026.

2. Plaintiff's motion to strike (ECF No. 10), motion for change of venue (ECF No. 14) and motion for stay (ECF No. 15) are DENIED.

3. Plaintiff's motion to remand will be briefed in accord with Local Rule 230, and upon completion of briefing will be submitted without oral argument.

SO ORDERED.

DATED: October 26, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE